## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER P.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 19 C 81 |
| v. | ) | |
| | ) | Magistrate Judge |
| ANDREW SAUL, Commissioner of | ) | Maria Valdez |
| Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Christopher P.'s claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 18] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 26] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Andrew Saul has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I.    PROCEDURAL HISTORY

On June 19, 2015, Plaintiff filed a claim for SSI, alleging disability since April 19, 2010. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 21, 2017. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A medical expert ("ME") and vocational expert ("VE") also testified.

On November 27, 2017, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II.    ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his application date of June 19, 2015. At step two, the ALJ concluded that Plaintiff had the following severe impairments: morbid obesity, depression, anxiety, polysubstance abuse disorder, status post pulmonary embolism, obstructive sleep apnea, degenerative joint disease of the knees,

degenerative disc disease, and headaches. The ALJ concluded at step three that his impairments, alone or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform sedentary work with the following additional limitations: no climbing of ladders, ropes, or scaffolds; occasionally climbing ramps and stairs; occasionally balancing and stooping; no kneeling, crouching, or crawling; occasional exposure to extreme cold and heat, wetness, humidity, and hazards such as moving machinery or unprotected heights; and work limited to simple, routine tasks requiring no more than short simple instructions and simple work-related decision making with few workplace changes.

At step four, the ALJ noted Plaintiff had no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

## I.  ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is

disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v.*

4

*Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors

5

his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III.  ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the step 3 evaluation was erroneous because she relied on her own lay opinion and failed to follow the treating physician rule;[3] (2) the RFC determination was based on an improper evaluation of his symptoms; and (3) the step 4 conclusion was flawed because the ALJ failed to incorporate all of Plaintiff's symptoms in the hypothetical questions addressed to the VE.

The Court agrees that the ALJ's failure to follow the treating physician rule requires remand. An ALJ must give controlling weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); *Scott*, 647 F.3d at 739; *see also Israel v. Colvin*, 840 F.3d 432, 437 (7th Cir. 2016) ("A contradictory opinion of a non-examining physician does not, by itself, suffice as a justification for discounting the

---

[3] The Social Security Administration has modified the treating-physician rule to eliminate the "controlling weight" instruction. *See* 20 C.F.R. § 404.1520c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) ..., including those from your medical sources."). However, the new regulations apply only to disability applications filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1527 ("For claims filed (see § 404.614) before March 27, 2017, the rules in this section apply."). Plaintiff's application in this case was filed in 2015, and therefore the ALJ was required to apply the former treating physician rule.

opinion of the treating physician."). The regulations require the ALJ to consider a variety of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See* 20 C.F.R. § 404.1527(c). Even if a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308.

Plaintiff's treating psychiatrist Dr. Debra Ciasulli completed a mental impairment questionnaire on July 6, 2017. The ALJ acknowledged that according to Dr. Ciasulli, Plaintiff suffered from listing-level mental impairments, including marked limitations in concentration, persistence, or pace, and three episodes of decompensation, along with other disabling symptoms. The ALJ gave her opinion little weight, however, because "the claimant does not consistently complain of this nor are these noted on exam. By contrast, the mental status exams show minor deficits. This opinion is simply not supported by objective evidence." (R. 25.) The decision included no other discussion of why Dr. Ciasulli's opinion was given little weight.

First, the ALJ's analysis was flawed because it did not adequately discuss the regulatory factors before dismissing Dr. Ciasulli's opinion. The Commissioner correctly points out that the ALJ is not required to discuss every factor in detail. *See Elder*, 529 F.3d at 415 ("If the ALJ discounts the physician's opinion after considering these factors, we must allow that decision to stand so long as the ALJ

"'minimally articulate[d]'" his reasons—a very deferential standard that we have, in fact, deemed 'lax.'"). However, the ALJ did not minimally articulate the reasons she essentially gave Dr. Ciasulli's opinion no weight at all. She focused solely on one factor and did not give the Court sufficient reason to conclude that Dr. Ciasulli's opinion was inconsistent with the entire record.

The Commissioner, apparently recognizing that the ALJ's analysis was wanting, posits other reasons why the ALJ could have considered the factors and concluded that the opinion did not deserve controlling weight, *i.e.*, that Dr. Ciasulli only treated Plaintiff seventeen times over the course of nine months, and "there is no indication" that the ALJ did not consider her psychiatric specialty. (Def.'s Mem. at 12.) Even disregarding the fact that the length of the treating relationship in this case may actually weigh in favor of Dr. Ciasulli's opinion, the Commissioner is surely familiar with well-settled law restricting the Court's review to the reasons actually given by the ALJ. *See Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009) ("[A]n ALJ must articulate in a rational manner the reasons for his assessment of a claimant's residual functional capacity, and in reviewing that determination a court must confine itself to the reasons supplied by the ALJ."); *see also Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) (explaining that if an appellate brief were allowed to substitute for an unsatisfactory ALJ decision, "[i]t would displace the responsibility that Congress has delegated to the Social Security Administration – the responsibility not merely to gesture thumbs up or thumbs down but to articulate reasoned grounds of decision based on legislative policy and

administrative regulation – into the Justice Department, which represents the agency in the courts.").

Second, and more troublingly, the ALJ relied solely on her lay expertise in the step 3 evaluation and when formulating Plaintiff's RFC. Two state agency consultants opined that Plaintiff suffered from only nonsevere mental impairments, but the ALJ gave their opinions little weight because they did not have Plaintiff's counseling and treatment records from 2016 and 2017. There were no other medical opinions in the record about Plaintiff's mental impairments. Thus, in analyzing Plaintiff's deficits in the various mental functioning areas, the ALJ erred by stepping in an acting as the medical expert. *See Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014), *as amended on denial of reh'g*, (Oct. 24, 2014) ("ALJs are required to rely on expert opinions instead of determining the significance of particular medical findings themselves."); *Clifford*, 227 F.3d at 870 ("[A]n ALJ must not substitute his own judgment for a physician's opinion without relying on other medical evidence or authority in the record.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 18] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 26] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.


**SO ORDERED.**                                    **ENTERED:**


**DATE:    June 25, 2020**          _____
                                    **HON. MARIA VALDEZ**
                                    **United States Magistrate Judge**

10